UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JUROR NUMBER ONE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; HONORABLE MICHAEL P. KENNY, Judge of the Superior Court; FACEBOOK, INC., a Delaware corporation authorized to do business in California; GEORGE CHRISTIAN; TOMMY CORNELIUS, JR.; SAMUEL KEMOKAI, JR.; DEMETRIUS ROYSTER; XAVIER WHITFIELD,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:11-397 WBS JFM<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

----oo0oo----

        Plaintiff Juror Number One[1] was the jury foreperson in a trial in Sacramento County Superior Court ("the criminal trial") before the Honorable Michael P. Kenny. During the criminal trial, plaintiff posted certain comments on his Facebook

---

    [1] Plaintiff has filed a motion for leave to proceed under a pseudonym. (Docket No. 4.)

1

page stating that he was "still" on jury duty.  Once, he stated that he was "bored" during the presentation of cell phone record evidence.  One of the other jurors in the criminal trial, Juror Number Five, became "friends" with plaintiff on Facebook.  The jury reached a guilty verdict in the criminal trial on June 25, 2010.  Afterward, Juror Number Five contacted defense counsel and stated that plaintiff had posted "comments about the evidence during trial" on his Facebook page.  Judge Kenny held an evidentiary hearing into the alleged juror misconduct.  The hearing started on September 17, 2010, and continued on October 1, 2010.  Plaintiff testified at the hearing, but was not appointed counsel.

After the hearing, counsel for the criminal defendants issued a subpoena to Facebook, requesting copies of postings made by plaintiff.  Facebook, citing limitations on its ability to disclose such information pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701-2712, moved to quash the subpoena and argued that the criminal defendants could seek the information directly from plaintiff.  Counsel for the criminal defendants then issued a subpoena to plaintiff, seeking the same information.  On February 4, 2011, Judge Kenny quashed the subpoena on the basis that it was overbroad.  Judge Kenny issued an Order requiring plaintiff "within 10 days from the date of this order . . . [to] execute a consent form sufficient to satisfy the exception stated in Title 18, U.S.C. section 2702(b) allowing Facebook to supply the postings made by Juror # 1 during trial."  (Compl. (Docket No. 2.) Ex. A at 3.)

On February 8, 2011, plaintiff filed a Petition for

1 Writ of Prohibition and Request for Immediate Stay with the
2 California Court of Appeal, Third Appellate District, to prevent
3 enforcement of the Order.  That petition was denied on February
4 10, 2011.  Plaintiff is currently seeking review of the Court of
5 Appeal's decision in the California Supreme Court, but "does not
6 believe the California Supreme Court will act quickly enough to
7 prevent violation of Plaintiff's rights if the February 4 Order
8 is enforced."  (Id. ¶ 31.)

9      Plaintiff now moves this court for a temporary
10 restraining order and preliminary injunction to enjoin Judge
11 Kenny from enforcing the Order, to enjoin Facebook from
12 disclosing the postings, and to enjoin the criminal defendants
13 from undertaking any further efforts to obtain the postings.
14 Plaintiff argues that requiring a signed consent form would be a
15 violation of the Fourth Amendment right to privacy and Fifth
16 Amendment right against self-incrimination through 42 U.S.C. §
17 1983, and would also violate the Electronic Communications
18 Privacy Act, 18 U.S.C. § 2510, the California Constitution, and
19 various state statutes.  The motion was filed today, February 14,
20 2011, which is the date on which plaintiff is required by the
21 Order to sign the consent form.

22      Younger v. Harris, 401 U.S. 37 (1971), governs the
23 abstention of federal courts when a state action seeks the same
24 relief on a federal constitutional question as that requested in
25 a federal action.[2]  Polykoff v. Collins, 816 F.2d 1326, 1331-32

---

27      [2]  Although Younger originally applied to state criminal
proceedings, the doctrine has been expanded to include
28 noncriminal proceedings as well.  Middlesex Cnty. Ethics Comm. v.

3

(9th Cir. 1987).  "Abstention under <u>Younger</u> is required if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions."  <u>Id.</u> at 1332 (citing <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)).  The "principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding."  <u>Mitchum v. Foster</u>, 407 U.S. 225, 243 (1972).

        Plaintiff concedes that the first two prongs of the test are met.  Judicial proceedings are clearly pending in state court, and the fact that plaintiff is not a party to those proceedings but is instead a juror subject to an order of the court is inconsequential.  See <u>The News-Journal Corp. v. Foxman</u>, 939 F.2d 1499, 1511 (11th Cir. 1991) (applying a <u>Younger</u> analysis where a newspaper sought to overturn a state court's restrictive order in a criminal case).  Furthermore, plaintiff admits that there is an important state interest in "preventing and redressing juror misconduct."  (Combined Mot. for TRO and Prelim. Inj. (Docket No. 7) at 21:9-10.)  See <u>Lebbos v. Judges of Super. Ct., Santa Clara Cnty.</u>, 883 F.2d 810, 814 (9th Cir. 1989) ("The Supreme Court 'repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.'") (citing <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 12-13 (1987)); <u>People v. Tuggles</u>, 179 Cal. App. 4th 339,

---

<u>Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state interests are involved.").

4

379-80 (3d Dist. 2009) (exposing juror misconduct serves an important public purpose).

Plaintiff argues that the state court proceedings do not provide an adequate opportunity to raise federal questions because he "does not believe the California Supreme Court will act quickly enough." (Compl. ¶ 31.) First, it is not at all clear to this court that the California Supreme Court will not hear plaintiff's appeal. Plaintiff's attorney only speculates that the Court will not hear the appeal based on phone calls with some clerks at the California Supreme Court and the fact that the Supreme Court has not yet acted on the case. Second, and more importantly, when a federal plaintiff argues that Younger abstention is inappropriate because the state court cannot hear the constitutional claim within the limited time available, "the burden on this point rests on the federal plaintiff to show 'that state procedural law bar[s] presentation of [its] claims.'" Pennzoil, 481 U.S. at 14 (quoting Moore v. Sims, 442 U.S. 415, 432 (1979)) (second alteration in original). Here, plaintiff has not shown that state law either procedurally or substantively bars presentation of his claims to the California Supreme Court.

There is no indication that the California Supreme Court cannot hear the case or that California law would bar a decision on the federal issues. Thus, plaintiff has not met his burden of proof of showing that the state court proceedings do not provide an adequate opportunity to be heard.[3]

---

[3] Younger recognized narrow exceptions to its fundamental rule of abstinence in the limited cases of a showing of bad faith prosecution, harassment, or flagrant and patent violations of

5

1 Accordingly, the court will deny plaintiff's ex parte motion for a temporary restraining order and preliminary injunction on the ground of Younger abstention.

IT IS THEREFORE ORDERED that plaintiff's ex parte motion for a temporary restraining order and preliminary injunction be, and the same hereby is, DENIED.

DATE: February 14, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

express constitutional prohibitions. Younger v. Harris, 401 U.S. 37, 53-54 (1971). Because these exceptions are not present in this case, the court need not address them.