KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
CONSTANCE L. LELOUIS, State Bar No. 148821
Supervising Deputy Attorney General
HIREN PATEL, State Bar No. 179269
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7870
 Fax: (916) 324-8835
 E-mail: Hiren.Patel@doj.ca.gov
*Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUROR NUMBER ONE,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; HONORABLE MICHAEL P. KENNY, Judge of the Superior Court; FACEBOOK, INC., a Delaware corporation authorized to do business in California; GEORGE CHRISTIAN; TOMMY CORNELIUS, JR.; SAMUEL KEMOKAI, JR.; DEMETRIUS ROYSTER; XAVIER WHITFIELD,**<br><br>Defendants. | Case No. 2:11-cv-00397<br><br>**DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MANDATORY ABSTENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      April 11, 2011<br>Time:      2:00 p.m.<br>Courtroom: 5, 14th Floor<br>Judge      Hon. William B. Shubb<br><br>Action Filed: February 11, 2011 |

1    TO PLAINTIFF THROUGH HIS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on April 11, 2011, at 2:00 p.m., in the above reference Court

3    located at 501 I Street, Sacramento, California, in Courtroom 5, 14th floor, before the Honorable

4    William B. Shubb, defendant the State of California, will, and hereby does, move the Court for an

5    order dismissing plaintiff's claims against the State, or in the alternative, request that the Court

6    abstain from hearing plaintiff's claims against the State.  The motion is made on behalf of

7    defendant State of California only, and not on behalf of any other named defendant, including the

8    Honorable Michael P. Kenny or any other judicial or public officer of the State of California.

9        This motion is made pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Federal Rules

10   of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over plaintiff's

11   claims against the State of California and that plaintiff cannot state a claim for relief against the

12   State of California.  The motion is be based on this Notice, the Memorandum of Points and

13   Authorities attached hereto, the papers on file in this matter, and such other arguments and

14   evidence as may be presented at the hearing on this matter.

15

16   Dated:  March 9, 2011                          Respectfully submitted,

17                                                  KAMALA D. HARRIS
                                                    Attorney General of California
18                                                  CONSTANCE L. LELOUIS
                                                    Supervising Deputy Attorney General
19
                                                    /s/ Hiren Patel
20
21                                                  HIREN PATEL
                                                    Deputy Attorney General
22                                                  *Attorneys for Defendant*
                                                    *State of California*

23

24

25

26

27

28

1

NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MANDATORY ABSTENTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (2:11-cv-00397)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Juror Number One was the jury foreperson for a criminal trial held in the Sacramento County Superior Court.  He filed this action in this Court to challenge the decision of the Superior Court to order plaintiff to release posting he made related to the criminal trial on the website Facebook.com.  Plaintiff alleges that the Superior Court's order violates his constitutional and statutory right to preserve the confidentiality of his private Facebook postings.

Plaintiff's claims against the State of California should be dismissed because the Court lacks jurisdiction to hear the claims against the State under the doctrine of sovereign immunity.  In the alternative, the Court should abstain from interfering with the ongoing state court proceeding under the *Younger* abstention doctrine.

**ALLEGATIONS OF THE COMPLAINT**

The basic allegations of the complaint are described in this Court's February 14, 2011 order denying plaintiff's motion for a temporary restraining order, and need not be repeated here.  See Docket No. 14 (copy of order).  However, for purposes of the State's motion, certain points made in the complaint are relevant.  Plaintiff names the State of California as a defendant because it allegedly "was the prosecutor in the Criminal Trial" conducted in Sacramento County Superior Court.  Compl. ¶ 7.  Plaintiff also appears to name the State as a defendant because he alleges that Judge Kenny, in issuing the order requiring disclosure of plaintiff's Facebook postings, was "acting on authority granted him by the State of California." *Id.* ¶ 7.  Plaintiff seeks relief against the State pursuant to 42 U.S.C. § 1983 and specifically requests an injunction against the State to stay Judge Kenny's order directing plaintiff to release his Facebook postings. *Id.* ¶ 45(a) and Compl. p. 10:13.

**ARGUMENTS**

**I.    STANDARD FOR A MOTION TO DISMISS**

The State of California moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1), 12(b)(6), and 12(h)(3).  Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

2

1    action."  A motion under this rule may be made at any time and if the court lacks subject-matter

2    jurisdiction, the claims against the defendant must be dismissed.  See *Augustine v. United States*,

3    704 F.2d 1074, 1075 n. 3 (9th Cir. 1983); *Csibi v. Fusto*, 670 F.2d 134, 136 n. 3 (9th Cir. 1982).

4    Similarly, Rule 12(b)(1) requires dismissal when the court lacks subject-matter jurisdiction.

5    When a state asserts its Eleventh Amendment sovereign immunity, it claims that the court lacks

6    subject-matter jurisdiction to hear the matter.  See *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.

7    8 (9th Cir. 1984), cert. denied sub nom. *Rowland v. Demery*, 469 U.S. 1127 (1985).

8           Rule 12(b)(6) requires dismissal of an action where it fails "to state a claim upon which

9    relief can be granted."  Here, because this Court lacks subject-matter jurisdiction over the State

10   and is required to abstain from this action under the *Younger* abstention doctrine, plaintiff fails to

11   state a claim against the State upon which relief can be granted.

12   **II.    THIS COURT LACKS JURISDICTION OVER THE STATE UNDER THE DOCTRINE OF
              SOVEREIGN IMMUNITY.**
13

14          This court lacks subject matter jurisdiction over the State of California under the Eleventh

15   Amendment to the United States Constitution.  The Eleventh Amendment states:

16          Judicial power of the United States shall not be construed to extend to any suit in law
            or equity, commenced or prosecuted against one of the United States by Citizens of
17          another State or by Citizens or Subjects of any Foreign State.

18   U.S. Const. amend. XI. Although the language of the text does not require it, the Eleventh

19   Amendment is interpreted by the Supreme Court as barring suits against a state brought by that

20   state's own citizens in federal court without the state's consent.  See *Edelman v. Jordan*, 415 U.S.

21   651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).  According to the Supreme Court, the

22   Eleventh Amendment stands not so much for what it says but for the principle that it confirms.

23   That being the principle of state sovereign immunity, under which "it is inherent in the nature of

24   the sovereignty not to be amenable to suit of an individual without its consent."  *Seminole Tribe*

25   *of Florida v. Florida*, 517 U.S. 44, 54 (1996)(citations and internal quotations omitted).  The

26   doctrine of sovereign immunity bars actions brought against a state based both in law and in

27   equity.  *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 102 (1984) ("a suit against a

28   State is barred regardless of whether it seeks damages or injunctive relief"); *Cory v. White*, 457

                                                3

1  U.S. 85, 91 (1982)("the Eleventh Amendment by its terms clearly applies to a suit seeking an

2  injunction").

3       Here, plaintiff is a citizen of the State of California and seeks equitable relief against the

4  State.  Compl. ¶¶ 5 and 45.  However, the State does not consent to this suit.  Accordingly, this

5  Court lacks jurisdiction to hear plaintiff's claims against the State of California.

6  **III.   THE STATE IS NOT A PERSON FOR PURPOSES OF § 1983.**

7       Plaintiff seeks equitable relief against the State pursuant to § 1983.  Compl. ¶¶ 2 and 32-45.

8  42 U.S.C. § 1983 states, in pertinent part, that:

9       Every *person* who, under color of any statute, ordinance, regulation, custom, or
     usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
10    States or other person within the jurisdiction thereof to the deprivation of any rights,
     privileges, or immunities secured by the Constitution and laws, shall be liable to the
11    party injured in any action at law, suit in equity, or other proper proceeding for
     redress. . . .  (emphasis added).
12

13  Thus, § 1983 actions are directed against *persons* acting under color of state law.

14       However, in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the

15  Supreme Court expressly held that "neither a State nor its officials acting in their official capacity

16  are 'persons' under § 1983."  The Court explained, "Obviously, state officials are literally

17  persons.  But a suit against a state official in his or her official capacity is not a suit against the

18  official but rather a suit against the official's office.  [citation] As such, it is no different from a

19  suit against the State itself."[1]  (*Ibid.*)

20       Therefore, plaintiff here cannot assert a claim pursuant to § 1983 against the State.

21  / / /

22  / / /

23

24

25       [1] The Supreme Court has also held that Congress did not abrogate state sovereign
immunity when it enacted section 1983.  *Will*, 491 U.S. at p. 66 ("Congress, in passing § 1983,
26  had no intention to disturb the States' Eleventh Amendment immunity"); *Kentucky v. Graham*,
473 U.S. 159, 169 n. 17 (1985).  Thus, section 1983 suits against a state are also barred by
27  sovereign immunity.  *Shaw v. Calif. Dept. of Alcohol Beverage Control*, 788 F.2d 600, 604 (9th
Cir. 1986).

28

4

**IV.   THIS COURT MUST ABSTAIN FROM HEARING THIS CASE UNDER THE *YOUNGER* ABSTENTION DOCTRINE.**

Lastly, this Court should abstain from hearing this case under the *Younger* abstention doctrine.  In *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny of cases, the Supreme Court held that in the interest of State-Federal comity, federal courts should abstain from interfering in state court proceedings that implicate important state interests.  See e.g. *Pennzoil Comp. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987)(*Younger* abstention applies in both criminal and civil proceedings where "the State's interest in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").  Federal court abstention is warranted where a state court is acting to operate or administer its judicial functions.  See *Younger v. Harris*, 401 U.S. at 45 ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions").

Here, in ruling on plaintiff's request for a temporary restraining order, this Court has already ruled that abstention under *Younger* is warranted.  See Order Denying Temporary Restraining Order at 3-6.  Since the date that the Court's order was issued, the California Supreme Court has stayed the Sacramento Superior Court's order directing plaintiff to disclose his Facebook postings and has ordered briefing on the issues that plaintiff has raised.  See *Juror Number One v. Superior Court*, No. S190544 (Cal. Supreme Court filed Feb. 14, 2011)(case docket available via http://appellatecases.courtinfo.ca.gov).  Thus, all the requirements for *Younger* abstention are still present.

/ / /

/ / /

5

NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MANDATORY ABSTENTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (2:11-cv-00397)

1

**CONCLUSION**

2      For the foregoing reasons, the State of California's motion to dismiss should therefore be

3   granted.

4   Dated:  March 9, 2011                              Respectfully submitted,

5                                                      KAMALA D. HARRIS
                                                       Attorney General of California
6                                                      CONSTANCE L. LeLOUIS
                                                       Supervising Deputy Attorney General
7
                                                       /s/ Hiren Patel
8
                                                       HIREN PATEL
9                                                      Deputy Attorney General

10  SA2011100487
    10674144.doc
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MANDATORY ABSTENTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (2:11-cv-00397)

# CERTIFICATE OF SERVICE

Case Name:   __Juror One v. State of California__        No.   __2:11-cv-00397__

I hereby certify that on March 9, 2011, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS OR FOR MANDATORY ABSTENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 9, 2011, at Sacramento, California.

<table>
<tr><td>Brenda Apodaca</td><td>/s/ Brenda Apodaca</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

10675666.doc